United States District Court
Eastern District of Michigan
Southern Division

United States of America,

v.

Carlos Renald Harris,

      Defendant.

                                  /

Case No. 25-20558

Hon. Linda V. Parker

## Motion for Detention Hearing and Pretrial Detention

The United States moves for a detention hearing, and an order detaining the defendant, Carlos Renald Harris, pending resolution of this matter. In the instant offense, Harris fled from law enforcement and escalated the encounter by assaulting a police K-9. His conduct is consistent with his history of violence, flight, and repeated noncompliance with court supervision and conditions of release. Taken together, the record demonstrates that Harris poses a danger to the community and a serious risk of non-appearance, and that no condition or combination of conditions will reasonably assure public safety or his appearance as required.

### Factual Background

**I.    The instant offense**

On June 13, 2025, members of the Detroit Fugitive Apprehension Team (DFAT) located Harris in Detroit, where he was wanted on outstanding arrest

warrants for probation violations. After arriving at the residence, officers announced their presence and purpose, called out for Harris, and instructed occupants to exit the home. Upon realizing that law enforcement was present to arrest him, Harris fled by jumping out of a window, running out the rear of the residence, scaling a fence, and entering the street.



DFAT members, including a Michigan State Police trooper and his assigned K-9, "Kai," pursued Harris on foot. During the chase, the trooper repeatedly warned Harris to stop or the police dog would be deployed. Harris ignored those commands and continued fleeing. The trooper then deployed K-9 Kai, who caught Harris on the left shoulder in an attempt to apprehend him. Harris responded by swinging his arm and striking Kai in the head. When Kai attempted to reengage, Harris struck him a second time, causing Kai to yelp and disengage.

Snapshots of Harris striking Kai from officers' body-worn camera footages are below:









The pursuit ended when officers caught up to Harris and took him to the ground. After being detained, Harris began exhibiting signs consistent with a drug

overdose, which he later admitted was the result of ingesting narcotics, and he was transported to a hospital for evaluation.

K-9 Kai sustained a small laceration near his right eye during the incident. Following the encounter, Kai became lethargic, held his head down, and repeatedly shook his head. He later began dry heaving and appeared abnormally subdued. Kai was transported to a veterinary facility, where examination revealed abnormal neurological findings. The veterinarian diagnosed Kai with a traumatic brain injury consistent with blunt-force trauma.

## II.     Harris's criminal history

Harris's criminal history reflects a persistent and escalating pattern of violence, weapons offenses, flight from law enforcement, and repeated failures under court supervision spanning more than fifteen years. His involvement with the criminal justice system began as a juvenile and was marked early on by new offenses committed while under supervision, including controlled-substance distribution and assaulting, resisting, and obstructing police.

As an adult, Harris repeatedly committed new crimes while on bond, probation, parole, or actively absconding, including carrying concealed weapons, brandishing firearms, felony-firearm offenses, and threats and assaults with dangerous weapons. These offenses were frequently accompanied by foot chases,

5

efforts to discard firearms while fleeing, and, in several instances, police standoffs, high-speed pursuits, and carjacking conduct.

Harris's supervision history is defined by chronic noncompliance. He has repeatedly absconded from probation and parole—often shortly after reinstatement—accumulated numerous violations warrants, failed to appear for court proceedings, and cycled in and out of custody, ultimately being discharged from parole without improvement.

Most notably, the instant federal offense occurred while Harris was actively absconding from probation and subject to outstanding probation-violation warrants. Rather than surrendering, Harris again fled from law enforcement, leading officers on a foot chase and escalating the encounter.

The table below[1] provides a detailed chronology of Harris's criminal history, documenting repeated offenses committed while under court supervision, frequent absconding, and a consistent pattern of violence, weapons-related conduct, and flight from law enforcement:

---

[1] *Symbol keys:*

☒ = New offense while on supervision
🔴 = Firearms / violence
⚠️ = Absconding / flight-related conduct

|  | Date | Event | Conduct / Disposition |
|---|---|---|---|
| **2008** | 8/31 | New offense ☒ (on juv. supervision) | Operating without license |
|  | 10/7 | New offense ☒ (on juv. supervision) | Controlled substance – delivery/manufacture marijuana |
|  | 10/18 | New offense | Operating without license |
|  | 11/2 | New offense | Operating without license |
|  | 11/4 | New offense | Controlled substance imitation manufacture/distribution; police - assaulting/resisting/obstructing |
|  | 12/23 | Plea | Possession of marijuana – sentenced 3/9/2009 |
| **2009** | 1/16 | New offense ☒ (on probation) | Possession of counterfeit notes (intent to utter); driving while license suspended |
|  | 1/23 | Plea & sentence | Operating without license — 3d jail |
|  | 1/27 | Plea | Attempted imitation controlled substance; attempted assaulting/resisting/obstructing |
|  | 3/9 | Sentence | 365d jail; 12m probation |
|  | 4/8 | Plea & sentence | Driving while license suspended – 93d jail |
|  | 4/14 | Plea | Counterfeit-related offense – sentenced 8/24 |
|  | 4/21 | Plea & sentence | Operating without license – 60d jail |
|  | 5/16 | New offense ☒ ⚠ (on probation) | Police – fleeing; driving while license suspended |
|  | 5/27 | Plea | No contest - Driving while license suspended – sentenced 8/24 |

|  | 6/9 | New offense ☒<br>(on probation) | Driving while license suspended |
|---|---|---|---|
|  | 7/20 | New offense ☒ ⚠️<br>(on probation) | Police – assaulting/resisting/obstructing; marijuana possession; license forgery |
|  | 8/14 | New offense ☒<br>(on probation) | Driving while license suspended; license forgery; unlawful plate/title use |
|  | 8/24 | Sentence | Counterfeited convictions – 365d jail; driving while license suspended – 2m jail |
|  | 9/11 | New offense ☒ 🔴<br>(on probation) | Carrying concealed weapon — brandished firearm |
|  | 10/12 | New offense ☒<br>(on bond) | Driving while license suspended |
|  | 12/11 | New offense ☒ 🔴 ⚠️<br>(on bond) | Assault with dangerous weapon; carrying concealed weapon; felony firearm; police - assaulting/resisting/obstructing (2 counts) – threatened to shoot victim, led police on foot chase, tossed gun |
|  | 12/14 | Plea & sentence | Driving while license suspended — 10d jail |
| **2010** | 1/13 | Plea & sentence | Driving while license suspended — 16d jail |
|  | 2/26 | Plea & sentence | Driving while license suspended; license forgery; unlawful plate/title use — 90d jail |
|  | 3/22 | Plea (2 cases) | Carrying concealed weapon;<br>Assault w/ dangerous weapon; carrying concealed weapon; police-assaulting/resisting/obstructing (habitual) – sentenced 4/19 |

8

|  | | | |
|---|---|---|---|
|  | 4/1 | Plea | Police – assaulting/resisting/obstructing (attempt); marijuana possession – sentenced 4/27 |
|  | 4/19 | Sentence (2 cases) | 1y jail |
|  | 4/27 | Sentence | 365d jail |
|  | 11/17 | Supervision action | Probation discharged without improvement |
| **2011** | 1/31 | New offense 🔴 ⚠️ | Carrying concealed weapon; felon in possession; felony firearm; police - assaulting/resisting/obstructing causing injury – refused to comply with police's order while armed, led police on foot chase |
|  | 4/18 | Plea | Same – sentenced 5/16 |
|  | 5/16 | Sentence | 1y7m–5y + 2y consecutive felony firearm |
| | **2011-2016: IN CUSTODY (MDOC)** | | |
| **2016** | 4/19 | New offense ☒ | Prisoner possessing weapon (in MDOC custody) |
|  | 10/11 | Plea | Prisoner possessing weapon – possessing a knife |
|  | 11/7 | Sentence | 1y2m–5y MDOC |
| **2018** | 1/17 | Supervision action | Paroled |
|  | 5/3 | Supervision action ⚠️ | Absconded |
|  | 6/18 | Supervision action | Parole reinstated |
|  | 6/26 | Supervision action | Held in custody |
|  | 7/9 | Supervision action | Held in custody |
|  | 9/19 | Supervision action ⚠️ | Absconded |

9

|  | | | |
|---|---|---|---|
|  | 11/25 | New offense ☒ 🔴 ⚠️ (parole absconding) | Police - assaulting/resisting/obstructing –fled upon seeing police, barricaded himself inside an apartment complex, climbed into a shared attic, and prompted a seven-hour SWAT standoff before being taken into custody. |
| **2019** | 1/17 | Plea | Police - assaulting/resisting/obstructing – sentenced 2/7 |
|  | 2/7 | Sentence | 1y jail; 2y probation |
|  | 12/9 | Supervision action | Parole reinstated |
| **2020** | 3/31 | Supervision action ⚠️ | Absconded |
|  | 4/22 | Supervision action | Held in custody |
|  | 4/23 | Supervision action | Parole reinstated |
|  | 5/28 | Supervision action ⚠️ | Absconded |
|  | 6/15 | Supervision action | Violation of probation warrant issued |
|  | 7/22 | New offense ☒ (parole and probation absconding) | Driving while license suspended; obstruction by disguised |
|  | 7/27 | Supervision action | Parole reinstated |
|  | 8/25 | Supervision action ⚠️ | Absconded |
|  | 8/27 | Supervision action ⚠️ | Failed to appear for VOP hearing |
|  | 9/18 | Supervision action | Held in custody |
|  | 10/27 | New offense ☒ (on parole and probation) | Controlled substance possession/use |
|  | 11/19 | Plea & sentence | Controlled substance possession/use – 63d jail |
|  | 12/17 | Supervision action | Pled guilty to VOP, sentenced to time served |

10

| | | | |
|---|---|---|---|
| | 12/21 | Supervision action | Parole reinstated |
| **2021** | 2/16 | Supervision action ⚠ | Absconded |
| | 3/4 | Plea & sentence | Obstruction by disguise – 30d jail |
| | 4/10 | Supervision action | Held in custody |
| | 4/20 | Supervision action | Parole reinstated |
| | 5/4 | Supervision action ⚠ | Absconded |
| | 5/11 | New offense ☒ (on parole) | Controlled substance use |
| | 5/20 | Supervision action | Parole reinstated |
| | 9/17 | Supervision action ⚠ | Absconded |
| | 9/29 | Supervision action | Held in custody |
| | 10/5 | Supervision action | Parole reinstated |
| | 11/16 | Supervision action ⚠ | Absconded |
| **2022** | 1/19 | New offense ☒ (on parole) | Police - assaulting/resisting/obstructing (2 counts) |
| | 2/23 | Supervision action | Returned to prison |
| | 3/29 | Plea | Controlled substance use – sentenced 4/18 |
| | 4/18 | Sentence | 100d jail |
| | 4/26 | Plea | Police - assaulting/resisting/obstructing (attempt) (2 counts) – sentenced 5/17 |
| | 5/17 | Sentence | 180d jail |
| **2023** | 12/16 | Supervision action | Discharged on maximum sentence without parole |

| | | | |
|---|---|---|---|
| **2024** | 3/30 | New offense | Police - assaulting/resisting/obstructing |
| | 5/6 | New offense ☒ 🔴 ⚠️ (on bond) | Carjacking; police – fleeing; carrying concealed weapon; felon in possession; felony firearm; controlled substance possession – led police on high-speed chase (including through 25mph zone), ignored stop signs, drove on grass, crashed into moving car, tossed gun, led police on foot chase, attempted carjack, swallowed drugs before being detained |
| | 9/27 | Plea | Police – fleeing, controlled substances possession – sentenced 11/7 |
| | 11/7 | Sentence | 2y probation |
| **2025** | 4/1 | Supervision action ⚠️ | Absconded from probation; absconded from tether program; failed to report, make payments, complete community service; probation violation warrants issued |
| | 6/13 | New offense ☒ 🔴 ⚠️ (probation absconding) | Instant federal offense – led officer on foot chase while being apprehended for probation violation warrants |
| | 11/10 | Plea | No contest — police - assaulting/ resisting/obstructing – sentenced 12/22 |
| | 12/22 | Sentence | 365d jail; 2y probation |

<strong>Discussion</strong>

I.   **Harris Presents a Serious Risk of Flight under 18 U.S.C. § 3142(f)(2)(A)**

This case qualifies for a detention hearing under 18 U.S.C. § 3142(f)(2)(A) because the evidence establishes, by a preponderance, a "serious risk that the

12

defendant will flee." *United States v. Rodriguez-Fuentes*, No. 5:24-CR-00122-KKC-MAS, 2025 WL 711955, at *1 (E.D. Ky. Mar. 5, 2025) (collecting cases).

Courts within the Sixth Circuit have clarified that a "serious risk of flight" requires more than the mere possibility of nonappearance. In *Rodriguez-Fuentes*, the Eastern District of Kentucky explained that a "serious risk that [a defendant] will flee" entails "more than mere uncertainty or the possibility of nonappearance" and instead "demands a substantial showing that the defendant will take deliberate, voluntary action to flee to evade judicial oversight." *Id.* at *2. Similarly, the Middle District of Tennessee has observed that flight "connote[s] intentional and active movement to put oneself beyond the supervision of the court and the reach of criminal proceedings," as opposed to nonappearance resulting from negligence, logistical difficulties, or misunderstanding of court obligations. *United States v. White*, No. 3:21-MJ-04070, 2021 WL 2155441, at *8 (M.D. Tenn. May 27, 2021).

Harris's history and conduct squarely meet this standard. His record reflects repeated, deliberate efforts to evade judicial oversight—not isolated missed court dates or technical noncompliance. Harris has chronically absconded from probation and parole, often shortly after reinstatement, and has accumulated multiple violation warrants while actively avoiding supervision. The instant offense occurred while Harris was subject to outstanding probation-violation warrants and had absconded from both probation and a court-ordered tether

13

program. When officers attempted to execute those warrants, Harris did not surrender; instead, he fled, led officers on a foot chase, and escalated the encounter by assaulting a police K-9. This sustained pattern of intentional flight, resistance to arrest, and evasion of supervision demonstrates a substantial likelihood that Harris will again take affirmative steps to place himself beyond the Court's supervision if released, satisfying the "serious risk of flight" standard under § 3142(f)(2)(A).

## II. No Condition or Combination of Conditions Will Reasonably Assure Harris's Appearance or the Safety of the Community

### A. Nature and Circumstances of the Offense

The nature and circumstances of the instant offense strongly favor detention. Harris was not encountered during a routine investigation or arrested without incident. The Detroit Fugitive Apprehension Team (DFAT) was actively searching for him because he had absconded from probation and a court-ordered tether program imposed after serious prior offenses involving a high-speed police chase through residential neighborhoods, a collision with a moving vehicle, and attempted carjackings. Despite receiving the benefit of a lenient sentence and community supervision, Harris violated those conditions and became the subject of outstanding probation-violation warrants.

When officers announced their presence and purpose, Harris deliberately fled—jumping from a window, running from the residence, scaling a fence, and fleeing into the street. During the ensuing foot pursuit, Harris ignored repeated

14

commands to stop and escalated the encounter by striking a police K-9 in the head twice while resisting apprehension, causing the dog to suffer a traumatic brain injury. This conduct reflects calculated flight, resistance to lawful arrest, and violence toward law enforcement in an effort to evade court supervision—conduct that squarely supports detention.

### B. History and Characteristics of the Defendant

Harris's history and characteristics demonstrate that he cannot be safely managed in the community. His criminal history spans more than fifteen years and encompasses nearly his entire adult life. It is defined by violence, firearms offenses, repeated obstruction and resistance, assaults on law enforcement, and chronic noncompliance with court supervision. As reflected in the detailed chronology above, Harris has committed new offenses while under every form of supervision—juvenile supervision, probation, parole, bond, and while actively absconding.

Harris's supervision history shows a consistent pattern: conditions are imposed only to be repeatedly violated. Probation, parole, tether monitoring, and reinstated supervision have all failed to secure compliance. At the time of the instant offense, Harris had absconded from both probation and the tether program. Rather than moderating over time, his conduct has escalated to include firearms

15

offenses, carjacking, high-speed pursuits, police standoffs, and violent resistance to arrest.

### C. Weight of the Evidence of Nonappearance and Danger

The evidence that Harris presents a serious risk of nonappearance and danger is strong. His absconding is not speculative or inferred; it is documented, repeated, and ongoing. The instant offense occurred while Harris was actively absconding from probation and subject to outstanding probation-violation warrants. When officers attempted to execute those warrants, Harris again chose flight over compliance and violence over surrender.

This record reflects deliberate, voluntary efforts to evade judicial oversight—not inadvertent nonappearance, negligence, or misunderstanding of court obligations. The same pattern of flight, resistance, and violence has recurred across multiple cases and culminated in the instant offense. The evidence overwhelmingly demonstrates that Harris cannot be trusted to comply with any court-imposed conditions designed to ensure his appearance or protect the community.

### D. Danger to the Community and Others if Released

Harris's release would pose a clear and ongoing danger to the community, to law enforcement, and to himself. His criminal history includes assaults with dangerous weapons, felony-firearm offenses, threats to harm others, carjacking,

16

and repeated acts of resistance, obstruction, and assault directed at police officers. That history is compounded by persistent substance abuse intertwined with flight from law enforcement, including repeated incidents in which Harris attempted to destroy evidence by swallowing drugs while fleeing or being apprehended, which placed himself at serious risk of overdose or other medical harm.

The instant offense confirms that Harris is willing to escalate his conduct and use force—even against a police K-9—to evade arrest. Taken together, Harris's repeated absconding, substance-impaired decision-making, and escalating violence when confronted by law enforcement demonstrate that no condition or combination of conditions, however restrictive, can reasonably assure the safety of the community, law enforcement, or Harris himself, or ensure his appearance as required.

## Conclusion

Considering the nature and circumstances of the offense, Harris's extensive history of flight and violent resistance to law enforcement, the strong evidence demonstrating intentional nonappearance and dangerousness, and the substantial risk of continued criminal activity if released, no condition or combination of conditions will reasonably assure Harris's appearance as required or the safety of the community. Harris has repeatedly demonstrated that supervision, court orders,

17

and prior interventions are ineffective. Accordingly, pretrial detention is warranted under 18 U.S.C. § 3142(e).

The United States reserves the right to supplement this filing with additional facts, evidence, and legal argument that may be developed at or before the detention hearing.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/ Nhan Ho*
Nhan Ho
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9632
Nhan.ho@usdoj.gov

Date: December 30, 2025

## Certificate of Service

I certify that on December 30, 2025, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of this filing to all counsel of record via electronic mail.

*s/ Nhan Ho*
Nhan Ho
Assistant United States Attorney