**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                           Case No. 25-20558

                                                 HON. LINDA V. PARKER

CARLOS RENALD HARRIS,

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

      Defendant Carlos Renald Harris, through undersigned counsel, respectfully opposes the Government's Motion for Pretrial Detention. While Mr. Harris's criminal history is extensive, and the defense does not minimize it, the Bail Reform Act requires this Court to determine whether *any* condition or combination of conditions can reasonably assure his appearance and the safety of the community. The defense submits that such conditions exist.

      Critically, after Mr. Harris was released from state custody on the underlying conduct, he **voluntarily surrendered to federal authorities** to face these federal charges. A defendant who affirmatively presents himself to the court to answer charges demonstrates, by his conduct, that he does not intend to flee federal prosecution.

1

Combined with Mr. Harris's extraordinary family circumstances—he is the sole surviving parent to a traumatized fourteen-year-old daughter and has another child due in weeks—these factors warrant release under appropriately restrictive conditions.

**LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987); *see also United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (applying same principle). The Bail Reform Act establishes a presumption that defendants "shall" be released pending trial, subject to conditions, unless the government proves that no conditions will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(b), (e).

The judicial officer must consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including past conduct, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community posed by release. 18 U.S.C. § 3142(g); *Stone*, 608 F.3d at 945.

Importantly, the charged offense—18 U.S.C. § 1368 (harming animals used in law enforcement)—does not trigger any rebuttable presumption of detention under § 3142(e)(3). The Government therefore bears the full burden of proving dangerousness

2

by clear and convincing evidence and flight risk by a preponderance of the evidence. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

## ARGUMENT

### I. MR. HARRIS'S VOLUNTARY SURRENDER TO FEDERAL AUTHORITIES DEMONSTRATES HE IS NOT A FLIGHT RISK FROM THIS COURT.

The single most probative evidence of whether a defendant will flee federal prosecution is what he does when given the opportunity to do so. Here, after Mr. Harris was released from state custody, he **voluntarily surrendered to federal authorities** to face the instant charge. He did not flee. He did not go into hiding. He presented himself to answer for this federal case.

The defense acknowledges that Mr. Harris's history with *state* supervision has been poor. His record includes failures to report, probation violations, and periods of absconder status. The defense does not minimize this history. However, this Court must assess whether Mr. Harris poses a flight risk *from federal court proceedings*, and his conduct in voluntarily surrendering to federal authorities speaks directly to that question.

Courts routinely consider voluntary surrender as evidence weighing against flight risk. *See, e.g., United States v. King*, 2022 WL 1304395 (E.D. Mich. May 2, 2022) (considering defendant's voluntary appearing for proceedings as basis for granting

3

bond); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (considering defendant's conduct and circumstances in assessing flight risk under § 3142(g)); *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985) (examining whether defendant's actions demonstrate likelihood of voluntary appearance). A defendant who presents himself to face charges has demonstrated, through his actions, an intent to participate in the judicial process rather than evade it.

The Government may point to Mr. Harris's history of noncompliance with state supervision. But there is a qualitative difference between failing to comply with reporting requirements or probation conditions and fleeing the jurisdiction to avoid prosecution altogether. Mr. Harris has remained in the Detroit metropolitan area throughout his seventeen years of involvement with the criminal justice system. He has never fled Michigan. He has never attempted to obtain false identification to evade authorities. When charges are brought against him, he resolves them—typically through guilty pleas—and serves the sentences imposed.

Moreover, Mr. Harris now has powerful incentives to appear that did not exist during earlier periods of supervision failure: he is the *sole surviving parent* to his fourteen-year-old daughter, and he has another child due to be born on January 25, 2026. These profound family obligations provide motivation for compliance that transcends anything in his prior history.

## II.   EXTRAORDINARY FAMILY CIRCUMSTANCES FAVOR RELEASE.

The Bail Reform Act requires courts to consider "family ties" as part of the defendant's "history and characteristics." 18 U.S.C. § 3142(g)(3)(A). Mr. Harris's family circumstances are extraordinary and weigh heavily in favor of release.

**Sole Surviving Parent.** Mr. Harris is the only living parent to his fourteen-year-old daughter. The girl's mother died of diabetic complications in November 2025. The daughter discovered her mother's body in their home. She has experienced profound trauma and desperately needs her only surviving parent. She currently resides with her maternal grandmother solely because Mr. Harris remains detained.

**Imminent Birth.** Mr. Harris's partner is due to give birth to their daughter on January 25, 2026—less than three weeks from now. Continued detention would deprive him of being present for the birth and the critical early weeks of his daughter's life.

**Partner and Children Need Support.** Mr. Harris's partner, Kamiko, has worked as a home health care worker but cannot work due to her pregnancy. She is struggling without Mr. Harris's financial and practical support. The family depends on Mr. Harris.

These family ties are not merely "mitigating factors" to be weighed against detention; they are the precise factors Congress directed courts to consider under § 3142(g)(3)(A). *See Gebro*, 948 F.2d at 1121 (reversing detention order and noting court

5

must consider family ties under the statute). They provide both a reason for Mr. Harris to appear—his children need him—and a reason why detention causes disproportionate harm to innocent third parties.

### III. THE NATURE OF THE CHARGED OFFENSE DOES NOT SUPPORT DETENTION.

The charged offense—harming a law enforcement animal under 18 U.S.C. § 1368—carries a maximum sentence of 10 years. While serious, it is not a crime of violence as defined under § 3142(f)(1)(A), and it does not trigger any rebuttable presumption of detention.

Moreover, the circumstances of the offense are relevant to assessing future dangerousness. By the Government's own account, K-9 Kai "caught" Mr. Harris during the apprehension, and Mr. Harris "responded" to that contact. Reacting physically when a dog is actively biting you is a qualitatively different act than premeditated violence against a person. It does not predict that Mr. Harris will pose a danger to "any person or the community" if released under supervision. *See* 18 U.S.C. § 3142(g)(4).

### IV. STRINGENT CONDITIONS OF RELEASE CAN REASONABLY ASSURE APPEARANCE AND SAFETY.

The Bail Reform Act requires courts to impose "the least restrictive further condition, or combination of conditions" that will reasonably assure appearance and

6

safety. 18 U.S.C. § 3142(c)(1)(B). Detention is appropriate *only* when no set of conditions can accomplish these goals. *Stone*, 608 F.3d at 945.

Mr. Harris proposes the following conditions, which address the specific risks identified by the Government:

> **For Appearance:** GPS monitoring with home detention; twice-weekly reporting to Pretrial Services; travel restricted to the Eastern District of Michigan; surrender of any passport; Kamiko as third-party custodian with obligation to report violations immediately.
>
> **For Substance Abuse:** Immediate enrollment in residential or intensive outpatient treatment; random drug testing with immediate consequences for positive results; prohibition on alcohol and controlled substances.
>
> **For Safety:** No contact with any witnesses or co-defendants; curfew; prohibition on possession of firearms or dangerous weapons.

Federal pretrial supervision differs materially from the state supervision Mr. Harris previously failed. Federal pretrial services officers carry smaller caseloads, have more intensive monitoring capabilities, and have immediate access to the court for swift sanctions. The defense acknowledges that Mr. Harris must demonstrate he can comply

7

with supervision—but he should be given the opportunity to do so under federal supervision, with the knowledge that any violation will result in immediate detention.

## CONCLUSION

"In our society liberty is the norm." *Salerno*, 481 U.S. at 755. Mr. Harris voluntarily surrendered to federal authorities to face this charge. He is the sole surviving parent to a traumatized teenager. He has a daughter due to be born in weeks. These circumstances, combined with stringent conditions of release, can reasonably assure his appearance and the safety of the community.

Defendant Carlos Renald Harris respectfully requests that this Court deny the Government's Motion for Pretrial Detention and order his release under appropriate conditions of supervision.

    Respectfully Submitted,

    FEDERAL COMMUNITY DEFENDER OFFICE
    Attorney for Mr. Carlos Harris

    */s/ Rhonda Brazile*
    613 Abbott, Ste. 500
    Detroit, MI 48226
    Phone: (313) 967-5850
    E-mail: Rhonda_Brazile@fd.org

Date: January 9, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record via electronic mail.


s/ *Rhonda Brazile*
Assistant Defender
Attorney for Mr. Carlos Harris