United States District Court
Eastern District of Michigan
Southern Division

United States of America,

v.

Carlos Renard Harris,

      Defendant.
_____/

Case No. 25-20558

Hon. Linda V. Parker

**United States' Response to Defendant's Pretrial Motions (ECF No. 13)**

Defendant Carlos Renard Harris moves for a bill of particulars, expansive preservation of evidence, and early disclosure of Jencks materials. Each request exceeds the limits imposed by the Federal Rules of Criminal Procedure and settled law. The indictment here is legally sufficient and provides Harris with adequate notice of the charged offense, discovery already supplies the information necessary to prepare his defense, and neither the Constitution nor the discovery rules require the sweeping preservation Harris demands. Although Harris has no entitlement to early *Jencks* disclosure, the United States nevertheless intends to produce *Jencks* materials in advance of trial consistent with the Court's practice guidelines. For these reasons, and as set forth more fully below, Harris's motions should be denied.

## Discussion

### I. Harris Is Not Entitled to a Bill of Particulars Because the Indictment Is Sufficient and Discovery Provides the Information He Seeks

The Federal Rules of Criminal Procedure "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure." *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (quoting *United States v. Debrow,* 346 U.S. 374, 376 (1953)). To that end, Rule 7(c) imposes a minimal pleading burden: an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged" and cite the statute allegedly violated. Fed. R. Crim. P. 7(c).

Although Rule 7(f) provides that the Court may direct the government to file a bill of particulars, its purpose is narrow—"to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). Reflecting that limited purpose, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick,* 291 F. App'x 706, 724 (6th Cir. 2008). Where an indictment "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense," it satisfies

2

constitutional requirements and no bill of particulars is warranted. *Hamling v. United States,* 418 U.S. 87, 117 (1974); *see also United States v. Howard,* 947 F.3d 936, 943 (6th Cir. 2020) (cleaned up).

A bill of particulars is not "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d 1369, 1375; *see also United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004). Nor is a defendant entitled to a catalogue of all overt acts that may be proved at trial. *Id*. And a defendant is not entitled to a bill of particulars with respect to information that is available in discovery. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute; United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983) (bill of particulars denied because the defendant received all of the discoverable information in the possession of the government). Accordingly, a request for a bill of particulars should not be used to circumvent the rules of discovery, to investigate the government's case, or to preview its legal theories. *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill."); *Rose v. United States*, 149 F.2d 755, 758 (9th Cir. 1945) ("The purpose of a bill of particulars is to secure facts, not legal theories."); *Kempe v. United States*, 151 F.2d 680, 685 (8th Cir. 1945) (same); *United States v. Ansani*, 240 F.2d 216, 223 (7th Cir. 1957)

(same); *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) ("A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence."); *United States v. Schillaci*, 166 F. Supp. 303, 307 (S.D.N.Y. 1958) (same).

Here, the indictment is legally sufficient and provides Harris with adequate notice of the charge to prepare his defense. It specifies the relevant date and venue and tracks the language of the cited criminal statute, thereby alleging all essential elements of the charged offense. *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010); *United States v. Chichy*, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993).

| 18 U.S.C. § 1368 provides: | Count 1 alleges: |
|---|---|
| (a) Whoever willfully and maliciously harms any police animal, or attempts … to do so, [and] the offense … causes serious bodily injury to … the animal, the maximum term of imprisonment shall be 10 years.<br>(b) In this section, the term "police animal" means a dog … employed by a Federal agency (whether in the executive, legislative, or judicial branch) for the principal purpose of aiding in the … enforcement of laws, or apprehension of criminal offenders. | On or about June 13, 2025, in the Eastern District of Michigan, the defendant, CARLOS RENARD HARRIS, willfully and maliciously harmed, and attempted to harm, a police animal, to wit: a canine employed by the United States Marshals Service for the principal purpose of aiding in the enforcement of laws and apprehension of criminal offenders; and, while in the commission of said acts, CARLOS RENARD HARRIS caused serious bodily injury to the animal; all in violation of Title 18, United States Code, Section 1368(a). |

Harris does not challenge the sufficiency of the indictment. Instead, he seeks "detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375. His motion therefore improperly attempts to convert a bill of particulars into a discovery device, requesting information well beyond the scope permitted under Rule 7. (ECF No. 13, PageID.46–47). The information Harris needs to prepare his defense is "readily obtainable through the Indictment and ample discovery," which has already been produced. *United States v. Abdi*, 498 F. Supp. 2d 1048, 1068 (S.D. Ohio 2007); *see* Ex. 1: Discovery Letter and Index.

The Court should deny Harris's motion for a bill of particulars.

## II. Neither the Constitution nor Criminal Discovery Requires Preservation of Evidence to the Extent Harris Demands

Harris's preservation demands fail for two independent reasons. First, the Constitution imposes only a limited duty to preserve evidence—one that applies solely to evidence whose exculpatory value is apparent and irreplaceable. Second, criminal discovery obligations extend only to materials within the possession, custody, or control of the prosecution team. Harris's request exceeds both limits.

The Constitution guarantees a criminal defendant a meaningful opportunity to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 485 (1984). But that guarantee does not require the government to ensure all relevant evidence is accessible. *United States v. Agurs*, 427 U.S. 97, 109 (1976).

The Supreme Court has made clear that the government's constitutional duty to preserve evidence is "limited to evidence that might be expected to play a significant role in the suspect's defense." *Trombetta*, 467 U.S. at 488. To meet this standard, the evidence must (1) "possess an exculpatory value that was apparent before the evidence was destroyed," and (2) "be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* at 489. This standard "stems from [the Court's] unwillingness to read the 'fundamental fairness' requirement of the Due Process Clause as imposing on the police an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution." *Arizona v. Youngblood,* 488 U.S. 51, 58 (1988) (citation omitted). The Sixth Circuit has repeatedly underscored this limitation. *See United States v. Jobson,* 102 F.3d 214, 219 (6th Cir. 1996) ("The government's constitutional duty to preserve evidence is limited to evidence that possesses an exculpatory value which was apparent before the evidence was destroyed."). Harris's preservation demands sweep far beyond it, seeking wholesale retention of materials that are neither facially exculpatory nor constitutionally required to be preserved.

Harris's demands also ignore the narrow scope of criminal discovery. Unlike civil litigation, a criminal defendant's discovery rights are narrowly circumscribed and generally governed by three sources: (1) Federal Rule of Criminal Procedure

6

16, which governs materials within the government's possession, custody, or control relating to the defendant, see *United States v. Llanez-Garcia*, 735 F.3d 483, 493 (6th Cir. 2013); (2) the Jencks Act, 18 U.S.C. § 3500, which requires production of prior statements of testifying witnesses; and (3) *Brady*. *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) (observing that these three doctrines "exhaust the universe of discovery to which the defendant is entitled" in most criminal prosecutions).

     The United States is fully aware of its obligations under *Brady* and the consequences of noncompliance. Consistent with those obligations, the United States has made, and will continue to make, diligent efforts to timely disclose any evidence it believes is favorable to the accused and material to guilt or punishment. In further compliance with Rule 16, the United States has also produced all discoverable materials within its possession, custody, or control, including body-worn camera footage documenting Harris's flight, his refusal to stop despite K-9 warnings, the deployment of K-9 Kai, his assaultive conduct toward the K-9, his post-arrest statements, his criminal history, and the medical evaluation of K-9 Kai following the assault. (Ex. 1). The United States recognizes its ongoing obligation; any additional discoverable materials that come into the United States' possession will be timely disclosed.

But to be clear, the United States has no obligation to seek out information it does not possess. *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)); Fed. R. Crim. P. 16(a)(1). While the prosecution team may be deemed to have knowledge of and access to materials held by a federal agency participating in the same investigation, it "need not comb the files of every federal agency which might have documents regarding the defendant in order to fulfill his or her obligations under Rule 16(a)(1)[]." Courts have therefore consistently rejected such a "'monolithic view of government' that would condemn the prosecution of criminal cases to a state of paralysis." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998); *United States v. Pelullo*, 399 F.3d 197, 217 (3d Cir. 2005) (holding the "government is not under an obligation to obtain and disclose all information in the possession of other arms of the government that are not involved in the particular prosecution."); *United States v. Merlino*, 349 F.3d 144, 154 (3d Cir. 2003) (citing *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996)) (same); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) ("[G]iving 'government' its broadest reading by expanding it to include all federal agencies (such as the IRS) would not only wreak havoc, but would give the defense access to information not readily available to the prosecution.") (quotation omitted).

Whether an agency is the "government" for discovery purposes turns on whether it "supplied significant amounts of information to the prosecutor or investigators upon which the government will rely in this case, upon their request." *United States v. Salyer*, 271 F.R.D. 148, 156 (E.D. Cal. 2010) (rejecting the defendant's contention that the prosecution must search the records of the entire Department of Justice and other governmental agencies for discovery, and holding that, for discovery purposes, the "government" consisted only of the United States Attorney's Office for the Eastern District of California, the Antitrust Division that jointly prosecuted the case, and the specific federal agencies involved in the investigation). Here, the prosecution team consists of FBI Detroit and the United States Attorney's Office for the Eastern District of Michigan. No other agency participated in the investigation of Harris. Because the United States neither possesses nor has any obligation to obtain materials from non-participating agencies, Harris's demand that the United States preserve or seek out records outside the prosecution team's possession, custody, or control—and unrelated to the charged conduct—should be rejected.

III. **Harris Is Not Entitled to Early Jencks Disclosure, but the United States Intends to Produce Jencks Materials in Its Possession in Advance of Trial.**

The *Jencks* Act requires the government to produce a witness's prior statements relating to the subject matter of the witness's testimony that are in the

9

government's possession, but only after the witness has testified on direct examination. 18 U.S.C. § 3500(b); *see also* Fed. R. Crim. P. 26.2(a) (providing that disclosure by the government is not required until "[a]fter [the] witness . . . has testified on direct examination . . . on motion of the [defendant]."). Even where witness statements contain *Brady* or *Giglio* material, "the express provisions of the Jencks Act control discovery of that kind of evidence." *Presser*, 844 F.2d at 1283; *United States v. Mullins*, 22 F.3d 1365 (6th Cir. 1994); *United States v. Bencs*, 28 F.3d 555 (6th Cir. 1995). Therefore, Harris has no legal basis to demand premature disclosure of potential *Jencks* material, as "the government may not be compelled to disclose *Jencks* Act material before trial." *Presser*, 844 F.2d at 1283.

Nevertheless, the United States is mindful of the Court's practice guidelines encouraging early disclosure and will endeavor to comply. Accordingly, the United States intends to disclose Jencks materials to the defense in advance of trial.

## Conclusion

Harris is not entitled to a bill of particulars, expanded preservation of evidence, or early Jencks disclosure. The indictment is sufficient, discovery has been properly provided, and the relief Harris seeks is not required by the Constitution, the Federal Rules of Criminal Procedure, or applicable law. The Court should deny his motions.

                                        Respectfully submitted,

                                        JEROME F. GORGON, JR.
                                        United States Attorney

                                        *s/ Nhan Ho*
                                        Nhan Ho
                                        Assistant United States Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI  48226
                                        (313) 226-9632
                                        Nhan.ho@usdoj.gov

Date: January 27, 2026

## Certificate of Service

I certify that on January 27, 2026, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of this filing to all counsel of record via electronic mail.

*s/ Nhan Ho*
Nhan Ho
Assistant United States Attorney