UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS RENARD HARRIS,

Defendant.

Case No. 25-20558

HON. LINDA V. PARKER

______________________________/

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO OMNIBUS PRETRIAL MOTION (ECF No. 17)**

---

Defendant Carlos Renard Harris, by and through undersigned counsel, respectfully submits this Reply to the Government's Response (ECF No. 17). For the reasons stated below, Mr. Harris's requests for a bill of particulars and disclosure of body-worn camera footage in a usable format remain warranted.

## I.

## A Bill of Particulars Remains Necessary to Clarify the Government's Theory

The government mischaracterizes Mr. Harris's request as seeking "detailed disclosure of all evidence." ECF No. 17, PageID.74. It is not. Mr. Harris seeks clarity of the government's *theory* of the case—specifically, what conduct the government contends constitutes "willful and malicious" harm to K-9 Kai.

This distinction is legally significant. 18 U.S.C. § 1368 requires proof that Mr. Harris acted "willfully and maliciously." If the government's theory is that Mr. Harris struck K-9 Kai before or independent of any bite, that presents one defense. If the government's theory is that Mr. Harris's conduct *during* an active bite was "willful and malicious" rather than an instinctive, reflexive response to being bitten, that presents an entirely different defense—one that may implicate the voluntariness of the act itself.

Discovery materials—video footage and reports—show *what happened*. They do not reveal *which facts the government will rely upon at trial* to prove the required mens rea. The government's assertion that discovery "supplies the information necessary to prepare his defense," ECF No. 17, PageID.70, thus misses the point. Without knowing whether the government contends Mr. Harris initiated contact with K-9 Kai or was responding to a bite already in progress, Mr. Harris cannot meaningfully prepare his defense.

## II.

## The Government Should Provide Copies of Body-Worn Camera Footage

The government's discovery production withholds the most critical evidence in this case. According to the government's own discovery letter and index, the unblurred body-worn camera footage documenting the K-9 deployment and alleged assault (Bates Nos. Harris-000186 through Harris-000194) is "available for review at our office only." Ex. 1, PageID.82–84. The government has declined to provide defense counsel with actual copies of this footage.

This restriction is untenable. The body-worn camera footage is the primary evidence of the charged conduct. To mount an effective defense, Mr. Harris must retain expert witnesses—including a use-of-force expert and potentially a veterinary expert—who must be able to

review this footage carefully, repeatedly, and in conjunction with other evidence. In-office viewing does not permit this. Furthermore, defense counsel will need Mr. Harris to review the original footage to assist in his defense. Mr. Harris is housed in a remote jail facility, thus counsel would need to travel to take this electronic discovery to him for his review with counsel.

Rule 16(a)(1)(E) requires disclosure of materials "material to preparing the defense." Video footage depicting the alleged offense is indisputably material. The government cannot satisfy its disclosure obligations by permitting counsel to merely view evidence at the prosecutor's office while withholding the ability to share that evidence with defense experts. "[A] district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc).

Mr. Harris respectfully requests that the Court order the government to provide defense counsel with copies of all body-worn camera footage, subject to an appropriate protective order if the government has legitimate concerns about dissemination.

## III.

## Early Jencks Disclosure

Mr. Harris acknowledges the government's representation that it "intends to disclose Jencks materials to the defense in advance of trial." ECF No. 17, PageID.79. Mr. Harris appreciates this commitment and requests that disclosure occur no later than fourteen (14) days before trial to permit adequate review.

## CONCLUSION

For the foregoing reasons, Mr. Harris respectfully requests that this Court:

1. Order the government to file a bill of particulars identifying the specific conduct it contends constitutes "willful and malicious" harm and the temporal relationship between any K-9 bite and the alleged harmful conduct;

2. Order the government to provide defense counsel with copies of all body-worn camera footage (Bates Nos. Harris-000186 through Harris-000194), subject to an appropriate protective order; and

3. Order early disclosure of Jencks materials at least fourteen (14) days prior to trial.

Respectfully Submitted,
FEDERAL COMMUNITY DEFENDER OFFICE
Attorney for Mr. Carlos Harris

*/s/ Rhonda Brazile*
613 Abbott, Ste. 500
Detroit, MI 48226
Phone: (313) 967-5850
E-mail: Rhonda_Brazile@fd.org

Date: February 5, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, the foregoing paper was filed with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

/s/ Rhonda Brazile