**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
*Plaintiff,*

v.

CARLOS RENARD HARRIS,
*Defendant.*
_______________________________________/

Case No. 25-20558
HON. LINDA V. PARKER

**DEFENDANT'S SUPPLEMENTAL DISCOVERY REQUEST REGARDING VETERINARY DIAGNOSIS OF CANINE KAI**

---

Defendant Carlos Renard Harris, by and through undersigned counsel, pursuant to Federal Rules of Criminal Procedure 16(a)(1)(F) and 16(a)(1)(G), and this Court's inherent authority, respectfully requests the government produce the following materials related to the alleged traumatic brain injury diagnosis of Michigan State Police Canine Kai.

## I.
## Basis for Request

Rule 16(a)(1)(G) requires the government to provide a written summary of any expert testimony it intends to use, including the expert's opinions, the bases and reasons for those opinions, and the expert's qualifications. The discovery produced to date (Harris-000055 through Harris-000084) includes veterinary treatment records and law enforcement reports referencing a TBI diagnosis but does not include the information necessary for the defense to evaluate the reliability of this diagnosis or the qualifications of the diagnosing veterinarian.

## II.
## Specific Requests

The Defendant requests production of the following:

1. **Expert Qualifications:** The curriculum vitae of Dr. Kirby Yamamoto, DVM, including all board certifications, specialty training, fellowship appointments, and any specific training or expertise in veterinary neurology, traumatic brain injury diagnosis in animals, or veterinary emergency and critical care medicine.

2. **Expert Report:** A written summary of any expert testimony the government intends to offer from Dr. Yamamoto or any other veterinary expert, including the specific opinions to be offered, the bases and reasons for those opinions, and the diagnostic methodology employed in reaching the TBI diagnosis, as required by Rule 16(a)(1)(G).

3. **Complete Veterinary Records:** All veterinary records for Canine Kai from MSU Veterinary Medical Center and any other veterinary provider for the period of June 13, 2025 through the present, including but not limited to: all treatment notes, diagnostic test results (VBG and PCV/TS lab values), imaging studies if any were performed, follow-up examination records, return-to-duty evaluations, and any records reflecting Kai's neurological status after discharge on June 14, 2025.

4. **Diagnostic Methodology:** Any documents, protocols, clinical guidelines, or peer-reviewed literature relied upon by Dr. Yamamoto or any government expert in diagnosing TBI in canines based on clinical presentation alone, without neuroimaging, including any information regarding the known or potential error rate of such purely clinical diagnosis.

5. **Differential Diagnosis Analysis:** Any documentation reflecting the consideration and exclusion of alternative diagnoses for Canine Kai's presenting symptoms, including but not limited to stress response, pain from the laceration above the right eye, post-exertional fatigue, or cervical injury.

6. **Canine Kai's Service Records:** Records from the MSP Canine Unit reflecting Canine Kai's active duties beginning June 1, 2025 (i.e. run sheets or call logs), the duration of time Kai was removed from active service following the June 13, 2025 incident, Kai's return-to-duty status, and any evaluations or assessments conducted to clear Kai for return to duty.

7. **Prior Medical History:** Complete veterinary records for Canine Kai for the 12 months preceding June 13, 2025, including any prior neurological assessments, behavioral evaluations, or documentation of baseline behavior and temperament.

8. **Body-Worn Camera Footage:** All body-worn camera footage from Trooper Olszewski and Trooper Bellestri, as well as any footage from USMS TF members, depicting Canine Kai's behavior and demeanor before, during, and after the incident, which is relevant to assessing Kai's neurological status and the accuracy of the TBI diagnosis.

**III.**

**Conclusion**

For the foregoing reasons, Mr. Harris respectfully requests that the Court order the government to produce the above-described materials within fourteen (14) days, or such time as the Court deems appropriate, to permit the defense to adequately evaluate the reliability and admissibility of the TBI diagnosis and prepare for trial in this case.

Respectfully Submitted,

**FEDERAL COMMUNITY DEFENDER OFFICE**
*Attorney for Mr. Carlos Harris*

*/ s/ Rhonda Brazile*
613 Abbott, Ste. 500
Detroit, MI 48226
Phone: (313) 967-5850
E-mail: Rhonda_Brazile

Date: February 5, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, the foregoing paper was filed with the Clerk of the Court using the ECF system, which will send notification to all counsel of record.

*/s/ Rhonda Brazile*