United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Case No. 25-20558

v.

Hon. Linda V. Parker

Carlos Renard Harris,

Defendant.

_____/

**Response to Defendant's Supplemental Discovery Request (ECF No. 19)**

On February 5, 2026, Carlos Renard Harris filed "Defendant's Supplemental Discovery Request Regarding Veterinary Diagnosis of Canine Kai," which he docketed as a "Second Motion for Discovery" (ECF No. 19). Despite the label, the filing is substantively a request for production of expert testimony the United States intends to use, governed by Fed. R. Crim. P. 16(a)(1)(G). (ECF No. 19, PageID.90).[1]

The United States has produced all materials within its possession, custody, or control that fall within the scope of criminal discovery and addresses each of Harris's eight requests in turn.

_____

[1] On February 15, 2026, undersigned counsel emailed defense counsel explaining that, despite being docketed as a "motion," the February 5 filing was substantively a discovery request not requiring a responsive pleading and invited defense counsel to advise otherwise. (Ex. 1: February 15 and 16, 2026 Email Exchange). Defense counsel did not do so, even though she responded on February 16, 2026. (*Id.*)

With respect to Requests 1 and 2 (Expert Qualifications and Expert Report), on March 12, 2026, the United States provided notice of expert witness testimony by Kirby Yamamoto, DVM, enclosing his curriculum vitae — which lists his research experience and publications over the prior ten years — along with the relevant visit records which document Mr. Yamamoto's observations and diagnosis of Canine Kai, as well as laboratory examination report. (Ex. 2: Expert Notice, Ex. 3: 3/12/2026 Discovery Letter and Index). The notice further disclosed that Mr. Yamamoto has not testified as an expert, whether at trial or by deposition, in the preceding four years. The notice produced on March 12 thereby satisfies Rule 16(a)(1)(G) by disclosing the opinions Mr. Yamamoto intends to offer and the bases for those opinions.

With respect to Requests 3 and 7 (Veterinary Records and Prior Medical History), the United States has produced all veterinary records within its possession, custody, or control, including visit records reflecting Canine Kai's history and physical examination, as well as laboratory examination results. No additional veterinary records are within the United States's possession, custody, or control.

With respect to Requests 4 and 5 (Diagnostic Methodology and Differential Diagnosis Analysis), Harris seeks documents, protocols, clinical guidelines, and peer-reviewed literature that are neither within the United States's possession,

custody, or control nor required to be disclosed under Rule 16(a)(1). The government's discovery obligation extends to materials it possesses — it does not require the United States to obtain or create materials that do not exist within its possession. *See* Fed. R. Crim. P. 16(a)(1)(E), (F).

With respect to Request 6 (Canine Kai's Service Records), the materials sought are not within the United States's possession, custody, or control, nor are they within the scope of Rule 16(a)(1)(E), (F), or (G).

With respect to Request 8 (Body-Worn Camera Footage), all body-worn camera footage from USMS task force members has been produced. (ECF No. 17-1, PageID.84).

To date, the United States has complied with its obligations under Rule 16(a)(1)(E), (G), (F). As previously acknowledged (ECF No. 17), the United States is aware of its discovery obligations and remains committed to its ongoing obligation to timely disclose any additional discoverable materials that come into its possession.

Harris requests a court order compelling production is moot. The United States voluntarily provided its Rule 16(a)(1)(G) disclosures on March 12, 2026 — prior to any court order — and has produced all materials within its possession, custody, or control. To the extent Harris seeks materials outside the government's

possession or beyond the scope of criminal discovery, no court order can compel their production.

## Conclusion

The United States has complied with its discovery obligations. All materials within the United States's possession, custody, or control that fall within the scope of criminal discovery have been produced. To the extent Harris requests a court order compelling production beyond that, that request should be denied.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/ Nhan Ho*
Nhan Ho
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9632
Nhan.ho@usdoj.gov

Date: April 20, 2026

**Certificate of Service**

I certify that on April 20, 2026, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of this filing to all counsel of record via electronic mail.

*s/ Nhan Ho*
Nhan Ho
Assistant United States Attorney