UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                      Case No. 25-cr-20558
                                      Honorable Linda V. Parker

CARLOS RENARD HARRIS,

      Defendant.
_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO**
**STATE A FEDERAL OFFENSE (ECF NO. 22)**

On July 23, 2025, a federal grand jury issued an Indictment charging Defendant with one count of Harming an Animal Used in Law Enforcement in violation of 18 U.S.C. § 1368(a).  (ECF No. 1.)  The matter is currently before the Court on Defendant's motion to dismiss for lack of jurisdiction (ECF No. 22), which is fully briefed (ECF Nos. 28, 28).  The Court finds that a hearing will not aid in its resolution of the motion.  Therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the reasons set forth below, the Court is denying the motion.

**Factual Background**

There is no dispute as to the following facts. The animal that is the subject of the Indictment is a canine named Kai, a Michigan State Police ("MSP")

operational canine.  MSP provides Kai's training, veterinary care, housing, and operational direction.  Kai's handler is MSP Trooper Joshua Olszewski, who, at the time of the incident, was deputized as a Special Deputy U.S. Marshal of the United States Marshal Service ("USMS").

On June 13, 2025, the USMS Fugitive Apprehension Team was engaged in the apprehension of Defendant, who was wanted on a state warrant.  Trooper Olszewski and Kai were involved in the apprehension, during which Defendant allegedly willfully and maliciously harmed Kai.

### Applicable Law and Analysis

As relevant to the pending motion, a defendant may move to dismiss an indictment pursuant to Federal Rule of Criminal Procedure 12(b) due to the "failure to state an offense[.]"  Fed. R. Crim. P. 12(b)(3)(B)(v).  An indictment states an offense if it "sets forth all the elements necessary to constitute the offen[s]e intended to be punished[,]" and is "accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense with which he is charged."  *United States v. Deakins*, 152 F.4th 693, 703-04 (6th Cir. 2025) (citations and ellipsis omitted).  When evaluating the sufficiency of the indictment, the court must read it "as a whole, accepting the factual allegations as true, and construing those allegations in a practical sense with all the necessary implications."  *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007)

2

(citing *United States v. Reed*, 77 F.3d 139, 140 n.1 (6th Cir. 1996)); *see also*
*United States v. Watson*, 778 F. App'x 340, 348 (6th Cir. 2019) (same).

"A motion under Rule 12 is . . appropriate when it raises question of law
rather than fact." *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) (citing
*United States v. Levin*, 973 F.2d 463, 469 (6th Cir. 1992)).  Nevertheless, the Sixth
Circuit has provided that "district courts may make preliminary findings of fact
necessary to decide questions of law presented by pretrial motions so long as the
trial court's conclusions do not invade the province of the ultimate finder of fact."
*Id.* (quoting *Levin*, 973 F.3d at 467).  "Similarly, the Supreme Court has stated that
a defense may be properly raised pursuant to Rule 12 'if trial of the facts
surrounding the commission of the alleged offense would be of no assistance in
determining the validity of the defense.'"  *Id*. (quoting *United States v. Covington*,
395 U.S. 57, 60 (1969)).

18 U.S.C. § 1368 criminalizes the "willful[] and malicious[] harm[] of any
policy animal[.]" *Id.* § 1368(a).  A "police animal" is defined as "as a dog or horse
employed by a Federal agency (whether in the executive, legislative, or judicial
branch) for the principal purpose of aiding in the detection of criminal activity,
enforcement of law, or apprehension of criminal offenders." *Id.* § 1368(b).
Defendant argues that Kai was "employed by" MSP, not a federal agency.
Therefore, Defendant maintains that the Indictment is legally deficient.

The United States responds that Defendant is raising a factual rather than a legal challenge, which is not properly resolved on a motion to dismiss. The United States further argues that "employed by" is broader than Defendant maintains, and includes "use." As such, the United States contends that the Indictment sufficiently states a violation of § 1368.

The Court agrees with Defendant that he is raising a legal not a factual challenge. Defendant is not asking the Court to resolve any factual disputes. Instead, he is asking the Court to hold that, on the undisputed facts presented, the Indictment fails to state the violation of the charged offense. Rule 12 is a proper vehicle to raise this deficiency. *See Ali*, 557 F.3d at 720 (holding that the defendant's motion to dismiss "on the ground that, as a matter of law, the undisputed facts did not give rise to the offense charged in the indictment" was proper).

Congress has not provided a definition of "employed" for purposes of § 1368. In that instance, the word must be given "its ordinary meaning." *United States v. Pritchett*, 749 F.3d 417, 424 (6th Cir. 2014) (quotation marks and citations omitted). A court's "task is to interpret the words of the statute in light of the purposes Congress sought to serve." *United States v. Wright*, 774 F.3d 1085, 1088-89 (6th Cir. 2014) (quoting *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 118 (1983)) (brackets omitted).

4

The dictionary defines "employ" as "to make use of[,]" "to use," "to use or engage the services of," and "to provide with a job that pays wages or a salary." Merriam-Webster Collegiate Dictionary (12th ed. 2025).  Consistent with the definition, courts have interpreted "employ" in other contexts to mean "to use" or "to engage the services of."  *See, e.g., United States v. Weaver*, 659 F.3d 353, 357 (4th Cir. 2011) *United States v. Hurley*, 529 F. App'x 569, 574 (6th Cir. 2013); *United States v. Piner*, No. 93-1047, 1993 WL 360698, at \*4 (6th Cir. Sept. 14, 1993) (finding no error in the trial court's definition of employ as meaning "to make use of, or to use or engage the services of").  Interpreting "employ" as encompassing "use" is further supported by the whole language of § 1368(b), which requires the animal to be "employed . . . *for the principal purpose of* aiding in the detection of criminal activity, enforcement of laws, or apprehension of criminal offenders."  It is further bolstered by the legislature's description of the statute: "An Act To amend title 18, United States Code, to provide penalties for harming animals *used in* Federal law enforcement."  Federal Law Enforcement Animal Protection Act of 2000, Pub. L. 106–254, August 2, 2000, 114 Stat 638 (emphasis added).

The undisputed facts reflect that Kai was used by the USMS for the principal purpose of apprehending a criminal offender.  As such, the Indictment states a violation of § 1368(a).

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 22) is

**DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 14, 2026